**Ramon A. TORRES, Petitioner-Appellant,**

**v.**

**STATE OF FLORIDA, Respondent-Appellee.**

**No. 73–1461**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 7, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

558

---

Ramon A. Torres, pro se.

Barry Scott Richard, Asst. Atty. Gen., Miami, Fla., Robert Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Petitioner Torres alleges that his constitutional right to a speedy trial was denied by the State of Florida because of a seventeen month delay between original arrest and trial. The United States District Court for the Southern District of Florida dismissed the petition for habeas corpus relief. We affirm.

 There are four basic factors to be weighed when considering the claim of a prisoner that he was denied a speedy trial: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Arrant v. Wainwright, 5 Cir. 1972, 468 F.2d 677.

Our evaluation of these criteria in light of the factual situation presented by this petitioner leads us to the overwhelming conclusion that the right was not denied. We find that the delay in this case can clearly not be charged to the state. First, the state's principal witness, a police officer, was unavailable for trial for a substantial period because of four gunshot wounds which he received as the result of the alleged criminal acts for which this petitioner was to be tried. More importantly, much of the delay herein was the result of various legal initiatives undertaken by petitioner and his counsel. In addition to motions which required the refiling of charges, petitioner sought a writ of prohibition in the Florida courts in an effort to prevent his trial. Following the denial of this writ, State ex rel. Torres v. Baker, Fla.App.1971, 247 So.2d 114, the state brought petitioner to trial within four months. It would be extremely difficult to charge the state with failure to try an accused while the accused is himself seeking a writ to prohibit such a trial. We also find that these actions are inconsistent with petitioner's repeated demands for a speedy trial. While motions denominated such may have been filed, their significance is highly questionable in light of the other efforts which were directed at prohibiting trial. These factors alone seem sufficient in this case to deny relief.

We would also like to note that only the most tenuous claims of prejudice have been suggested by this petitioner. In the original petition for habeas corpus relief, there were no allegations of any prejudice whatsoever. Petitioner has suggested in his brief that two unnamed and otherwise unidentified indi-

viduals who would have been available to bolster some unspecified alibi were no longer in the state because of the delay. We agree with the trial court that the prejudice involved in this case was so insignificant as to justify little or no weight.

For reasons set forth above, the dismissal of the habeas corpus petition filed by Torres is

Affirmed.