John A. GRAYLESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 56346.

Court of Criminal Appeals of Texas, Panel No. 2.

June 21, 1978.

---

Charles D. Butts, Shirley W. Butts and Fred A. Semaan, San Antonio, for appellant.

Bill M. White, Dist. Atty., Bill Harris, Charles T. Conaway and Bennie F. Steinhauser, Jr., Asst. Dist. Attys., San Antonio, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder; the punishment is imprisonment for twenty-five years.

At the time of the offense the appellant was fifteen years of age. The offense occurred on August 17, 1973; appellant was born on January 21, 1958. Appellant contends that he was not served with summons and the juvenile court did not have jurisdiction over him in the proceeding in which he was certified as an adult for criminal prosecution; therefore, the order waiving jurisdiction and certifying him for criminal prosecution as an adult was void. The State concedes error; we agree and reverse the judgment.

▉ The proceeding to declare a juvenile a delinquent, V.T.C.A. Family Code, Secs. 54.03 and 54.04, and the proceeding to waive jurisdiction and to certify a juvenile as an adult for criminal prosecution, V.T.C.A. Family Code, Sec. 54.02, are separate and distinct proceedings. The record reflects that a petition alleging that appellant had engaged in delinquent conduct was filed in the juvenile court on August 17, 1973. On March 7, 1974, appellant was served with a summons, which subsequently was filed on March 11, 1974. That summons stated that a hearing was to be held on March 13, 1974, "to determine whether said child engaged in delinquent conduct, and if so, to determine what disposition shall be made of said child . . ." A subsequent petition to certify the appellant as an adult for criminal prosecution and to transfer the cause from the juvenile court to the district court was filed by the State on March 15, 1974; the record reflects that no summons ever was issued on this petition.

▉ The hearing in the juvenile court was held on April 24, 1974. The appellant, his parents, and retained counsel all were present, and there was no objection to the lack of service. At the conclusion of the hearing, the juvenile court waived its jurisdiction and ordered that the juvenile be transferred to district court for adult criminal proceedings. Appellant did not appeal the order of the juvenile court to the Court of Civil Appeals, but the failure to do so does not waive any jurisdictional defect. *Johnson v. State,* 551 S.W.2d 379 (Tex.Cr. App.1977).

Appellant subsequently filed motions based on the same ground as presented in this appeal to set aside the transfer of his case to the district court and to remand to the juvenile court. A hearing on these motions was held on December 4, 1975, following which they were overruled. A similar motion by the appellant was considered and overruled in a pretrial hearing on May 18, 1976.

▉ The certification proceedings in this case are governed by V.T.C.A. Family Code, Sec. 54.02, which states, among other things, that the petition and notice requirements of V.T.C.A. Family Code, Secs. 53.04, 53.05, 53.06, and 53.07 must be satisfied; it also requires that the summons state that the purpose of the hearing is to consider discretionary transfer to criminal court. Sec. 54.02(b), supra. Failure of the summons to comply with Sec. 54.02(b) deprives the juvenile court of jurisdiction to consider discretionary transfer. *Johnson v. State,* supra; *In re D.W.M.,* 562 S.W.2d 851 (Tex. 1978); *In re W.L.C.,* 562 S.W.2d 454 (Tex. 1978); *In re T.T.W.,* 532 S.W.2d 418 (Tex. Civ.App.—Texarkana 1976, no writ); *In re K.W.S.,* 521 S.W.2d 890 (Tex.Civ.App.— Beaumont 1975, no writ). See generally *In re J.R.C.,* 551 S.W.2d 748 (Tex.Civ.App.— Texarkana 1977, writ ref'd n. r. e.); *In re P.B.C.,* 538 S.W.2d 448 (Tex.Civ.App.—El Paso 1976, no writ).

▉ In juvenile proceedings, summons must issue to the named juvenile, his parents or guardian, his guardian ad litem, and any other party the court deems a necessary party to the proceeding. Sec. 53.06(a), supra. Citation may be waived by all the parties to the proceeding except the juvenile. Sec. 53.06(e), supra. Therefore, the appearance of appellant at the certification hearing and his failure to object to the lack

of a proper summons did not constitute a waiver of the service of summons. *In re D.W.M.*, supra; *Johnson v. State*, supra.

The record shows that the juvenile court did not have jurisdiction over the appellant. Since it did not have jurisdiction, its order waiving jurisdiction and certifying appellant for criminal prosecution was a nullity. *Johnson v. State*, supra. We hold that the district court did not have jurisdiction to try the appellant for a criminal offense in the absence of a valid waiver of jurisdiction by the juvenile court. V.T.C.A. Penal Code, Sec. 8.07.

Appellant also asserts that he was denied his constitutional right to a speedy trial. Since the remedy for denial of a speedy trial is dismissal of the indictment, *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), we, at the State's request, will discuss the speedy trial issue.

The right to a speedy trial is guaranteed by the Sixth Amendment to the Constitution of the United States as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The same right is assured by Art. I, Sec. 10, of the Texas Constitution, and Art. 1.05, V.A.C.C.P.

Whether an accused has been denied a speedy trial may be determined by a "balancing test" which was set out in *Barker v. Wingo*, supra. Each case requires consideration of the following factors, although they are not exclusive:

(1) the length of the delay;

(2) the reason for the delay;

(3) the defendant's assertion of the right; and

(4) the prejudice to the defendant resulting from the delay.

See also *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App., decided April 12, 1978); *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1976); *Wilkerson v. State*, 510 S.W.2d 589 (Tex.Cr.App.1974); *McKinney v. State*, 491 S.W.2d 404 (Tex.Cr.App. 1973).

There is no precise length of delay which irrefutably constitutes a violation of the right to a speedy trial in all cases. The length of the delay is measured from the time the defendant is formally accused or arrested. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). Two years and nine months elapsed from the time of the appellant's arrest until the time of his trial; that is certainly sufficient to require the application of the balancing test of *Barker v. Wingo*, supra, and that time must be considered in determining appellant's speedy trial claim.

We next consider the reasons for the delay; we are told that different weight should be assigned to different reasons. For example:

"A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government [footnote omitted]. A more neutral reason such as negligence or overcrowded court should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." *Barker v. Wingo*, supra, 92 S.Ct. at 2192.

The offense occurred on August 17, 1973. Appellant was arrested the same day and has been incarcerated ever since. Soon after his arrest appellant was transferred to Villa Rosa mental hospital, where he spent five months undergoing examination and treatment. Delays encountered in bringing a defendant to trial who claims to be incompetent or who is temporarily incompetent ordinarily do not infringe on the right to a speedy trial. *United States v. Mills*, 434 F.2d 266 (8th Cir. 1970); *Hodges v. United States*, 408 F.2d 543 (8th Cir.

1969); *United States v. Davis,* 365 F.2d 251 (6th Cir. 1966); *United States v. Dale,* 426 F.Supp. 675 (S.D.N.Y.1976); *United States v. Beidler,* 417 F.Supp. 608 (M.D.Fla.1976).

█ Following appellant's return to the juvenile detention center, the previously described juvenile court proceedings were begun. These proceedings took approximately two months and included a complete diagnostic study and social evaluation and a full investigation of the appellant, his background, and the circumstances of the alleged offense. V.T.C.A. Family Code, Sec. 54.02(d). Two months is not an unreasonable length of time in which to carry out these proceedings.

█ Appellant was indicted on June 19, 1974, two months after the juvenile court waived jurisdiction, and was arraigned on August 9, 1974. His trial was set for September 30, 1974, but it did not begin on that date for a reason that does not appear in the record. Jorga Lindgron was the principal witness against appellant, without whom the State's case would have failed. On October 10, 1974, a jury found co-defendant Lindgron incompetent to stand trial ("presently insane" within the meaning of Art. 46.02, V.A.C.C.P., as it read in 1974). Lindgron was ordered placed in the Rusk State Hospital, and appellant's trial reset to February 10, 1975. The absence or illness of a principal witness will justify an appropriate delay. See *Barker v. Wingo,* supra; *Smith v. State,* 530 S.W.2d 827 (Tex.Cr.App. 1975); *United States v. Netterville,* 553 F.2d 903 (5th Cir. 1977); *United States v. Hay,* 527 F.2d 990 (10th Cir. 1975); *Torres v. Florida,* 477 F.2d 555 (5th Cir. 1973), cert. denied, 414 U.S. 852, 94 S.Ct. 148, 38 L.Ed.2d 102; *United States v. Spoonhunter,* 476 F.2d 1050 (10th Cir. 1973). Lindgron remained at Rusk State Hospital until March 19, 1975, when she was returned to the county jail. She was found by a jury to be competent to stand trial on October 16, 1975, a year and six days after she was declared incompetent.

█ The defendant's assertion of the speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right, and failure to assert the right will make it difficult to prove that he was denied a speedy trial. *Barker v. Wingo,* supra. Appellant first moved for a speedy trial on October 29, 1974, one year and two months after his arrest. This was not a timely assertion of the right. Cf. *Turner v. State,* 545 S.W.2d 133 (Tex.Cr.App.1976). He filed additional motions on April 23, 1975, and August 13, 1975. It is significant that appellant did not move for a speedy trial until after Lindgron was found presently insane, nor did he do so after she was found competent. Furthermore, appellant did not request a severance in order that he be brought to trial during the year Lindgron was incompetent.

On October 27, 1975, approximately one week after Lindgron was found competent to stand trial, appellant's trial was set for December 1, 1975. On November 26, 1975, appellant filed a motion for severance, which was granted. On December 4, 1975, appellant's bail was reduced from $75,000 to $20,000, and the case was reset by agreement to January 5, 1976. On the latter date, appellant filed a motion to determine the competency of Lindgron as a witness. An agreement was reached between appellant and the prosecutor to have Lindgron examined by a psychiatrist, and the trial was reset to May 17, 1976, on which date the trial began. Thus, a substantial part of the delay following the determination that Lindgron was competent to stand trial was agreed to by appellant.

█ It is generally said that there are three interests to be considered in determining prejudice to the defendant. These interests are prevention of oppressive pretrial incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired. *Barker v. Wingo,* supra; *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *Smith v. Hooey,* supra; *Klopfer v. North Carolina,* supra; *McKinney v. State,* supra. Appellant makes no serious contention that his ability to present a defense has been impaired.

 Appellant asserts that the delay in bringing him to trial prejudiced him because: he was cut off from his schooling; he lost governmental financial assistance for medical treatment (appellant suffers from epilepsy) and schooling; he was deprived of parental guidance; and his image before the jury was changed, for he was fifteen years old at the time the offense was committed and nineteen years old at the time of trial. The loss of image of which appellant complains is, at the most, a speculative showing of prejudice; moreover, we observe that appellant already was seventeen years old when he first asserted his right to a speedy trial. The other factors which appellant complains prejudiced him all were due to his confinement. Although bail was granted appellant, he never attempted to secure his release on bail, and his failure to do so must be considered in evaluating his claim of prejudice resulting from pretrial confinement.

 In summary, we find that: (1) appellant suffered a delay of two years and nine months from his arrest until trial; (2) valid reasons for all but, at most, eleven months of this delay were demonstrated; (3) appellant's assertion of his right to a speedy trial was not timely; and (4) the prejudice which appellant suffered was due, at least in part, to his failure to make bail.

Our discussion of the speedy trial issue does not prevent the raising of this issue in the event of another trial. We are now only holding that appellant, on the record before us, was not denied a speedy trial; he is not now entitled to have the charges dismissed and the prosecution forever barred.

The judgment is reversed and the cause remanded.