**Alan Craig CARNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 62757, 62758.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 23, 1980.

John A. Thomas, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Michael E. Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

These cases are appeals from convictions for burglary of a habitation and burglary of a building. Appellant entered a guilty plea in each case before the court, and his punishment was assessed at five (5) years' imprisonment in each case.

At the time of the offenses, the appellant was sixteen (16) years old. He was certified by the juvenile court to the district court for trial as an adult. He waived an examining trial in accordance with V.T.C.A., Family Code, § 51.09(a) [See *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978)], was indicted, and later entered the aforesaid guilty pleas in district court.

On appeal he contends that the district court was without jurisdiction to try him because of certain errors in the discretionary transfer procedure in juvenile court.[1] He urges that his parent (mother) was not summoned in accordance with the law to the transfer hearing in that she was not served with a summons until two days after the date set for the hearing, and first that he personally was not served with a sum- mons until one day before the date set for the hearing which was not in accordance with the Family Code.

V.T.C.A., Family Code, § 54.02(b), dealing with the discretionary transfer provisions, provides in part:

"The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied  . . . ."

V.T.C.A., Family Code, § 53.06, states in pertinent part:

"(a) The juvenile court shall direct issuance of a summons to:

"(1) the child named in the petition;

"(2) the child's parent, guardian, or custodian  . . . ."

V.T.C.A., Family Code, § 53.07, provides in pertinent part:

"(a) If a person to be served with a summons is in this state and can be found, the summons shall be served upon him personally at least two days before the day of the adjudication hearing. . . ."

A hearing on the discretionary transfer was set for September 26, 1978. Summons was issued on September 21, 1978 to appellant and his mother.[2] Appellant was served on September 25, 1978. On the date of the hearing, appellant had not been served with a summons for at least two days as required by said § 53.07 and his mother had not been served at all. The hearing was passed until October 13, 1978. Summons was served on his mother on September 28, 1978. The date for hearing on her summons was originally typed on the summons as "September 26," but it was marked out and "October 13" written in. On October 13, 1978, the docket sheet reflects orders for social and psychological evaluations were entered. No

---

1. It is observed that appellant failed to appeal his cause on this ground from the juvenile court to the Court of Civil Appeals. Such failure to appeal does not, however, waive any jurisdictional defect. *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978); *Johnson v. State*, 551 S.W.2d 379 (Tex.Cr.App.1977). We do not find in the record that appellant made a plea to the jurisdiction to the district court before entering his guilty pleas. Since the dis-

   trict court is without jurisdiction to try a juvenile as an adult unless the juvenile court has properly waived its jurisdiction and certified him, *Grayless v. State*, supra, the failure to make a plea to the jurisdiction in district court will not prevent this court from considering appellant's contentions.

2. Appellant's natural father was apparently somewhere in the State of California.

hearing was held. The matter was passed until November 2, 1978, at which time a hearing was conducted on the motion for discretionary transfer. Appellant, his counsel, and his grandfather were there. On November 3, 1978 the motion was granted.

Although appellant was not served until one day before the date originally set for the hearing, the hearing was not held on that date, and when it was held, several weeks later, the appellant, his counsel, and grandfather were present. The appellant's contention that he was not timely notified of the hearing is without merit. Although appellant's mother was not served with a summons at least two days before the date originally set for the hearing, she was subsequently served and notified of the re-setting on October 31st. While the record does not reflect she was present at the November 2nd hearing, we know of no requirement that the parent must be present at such hearing, after being duly summoned, before the juvenile court has jurisdiction to proceed upon a motion for discretionary transfer.

The appellant's contentions that the district court had no jurisdiction to entertain his guilty pleas are without merit.

The judgments are affirmed.