**In the Matter of R.M., A Juvenile.**

**No. 04–82–00517–CV.**

Court of Appeals of Texas, San Antonio.

March 9, 1983.

Eduardo Saenz, San Antonio, for appellant.

Bill White, Dist. Atty., Peter Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from the order of the 289th District Court of Bexar County, sitting as juvenile court, waiving its jurisdiction of the juvenile R.M. and the cause, and transferring R.M. to the district court for criminal proceedings as an adult. We affirm the order of the juvenile court.

The juvenile brings two points of error. The first is that the juvenile court lacked jurisdiction to transfer R.M. for criminal proceedings in the criminal district court; the second is that there was no evidence or insufficient evidence to support the order of transfer.

Accused of murder, Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1974), R.M. was

sixteen years of age at the time of the alleged offense, December 2, 1981. The petition and motion to transfer were filed on February 2, 1982. On that same date the juvenile court issued its order pursuant to Tex.Fam.Code Ann. § 54.02(d) (Vernon 1975) for a diagnostic study and social evaluation to be made of the juvenile. The court within a few days further ordered psychological and psychiatric examinations. The record shows the juvenile, on February 10, 1982, was personally served with summons which in part, contained these words:

THEREFORE, R_____ M_____ is hereby summoned to appear personally, before this 289th District Court in and for the County of Bexar, Sitting as the Juvenile Court at the Bexar County Courthouse, San Antonio, Texas on February 22, 1982 at 1:30 P.M., then and there to be determined whether said Motion should be granted or denied, or other Order entered therein.

The purpose of the Hearing at the above date and time is to consider Waiver of Jurisdiction and Discretionary Transfer to Criminal Court for proceedings as an adult.

\*  \*  \*  \*  \*  \*

Attached to the summons were the original petition and the motion to certify and transfer cause. We hold the service of summons on R.M. met the stringent requirements of service upon a juvenile, who is the subject of transfer proceedings in Texas. Tex.Fam.Code Ann. § 54.02(b), *supra; In the Matter of W.L.C.,* 562 S.W.2d 454, 455 (Tex.1978).

As we understand his contention, R.M. asserts that he should have been served with a new summons each time the transfer hearing was set. Because the hearing which resulted in this transfer order occurred on August 20, 1982, he argues that failure to so serve him with summons each time the cause was continued or reset was a denial of due process. R.M. does not contend the summons served upon him was defective in any manner. It is his argument that the juvenile court lost the jurisdiction it had earlier acquired over him when it failed to order he be served with a new summons for the August 20th hearing. We do not agree. Once the validly acquired jurisdiction attached, further summons would not be required.

The reasons for delay apparent in the record were completion of the diagnostic study, psychological and psychiatric examinations, a continuance granted to the State to locate a material witness, and a continuance granted when R.M.'s attorney objected that improper notice of a setting had been given him. We find there was no abuse of discretion by the court in resetting the cause.

Nowhere does the Family Code require sending a second set of summonses. *In the Matter of B.Y.,* 585 S.W.2d 349, 351 (Tex. Civ.App.—El Paso 1979, no writ). Further, the due process standards of *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) have been met, and we so hold. Neither the Family Code provisions nor the Texas Rules of Civil Procedure demand such a procedure. *B.R.D. v. State,* 575 S.W.2d 126, 129 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). The point of error is overruled.

■ R.M.'s next challenge is to the evidence, or lack of evidence, to support the order of transfer. We look first to the requirements of § 54.02:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

\*  \*  \*  \*  \*  \*

The juvenile court in the present case incorporated each of these requirements as a finding and as part of his certification order. Section 54.02(f) provides:

In making the determination required by subsection (a) of this section, the court shall consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

It is settled law that the juvenile court need not find that all of the six factors listed in subsection (f) have been established before it is authorized to waive its jurisdiction. *In the Matter of G.B.B.,* 572 S.W.2d 751, 756 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.). *See P.G. v. State,* 616 S.W.2d 635, 639 (Tex.Civ.App.—San Antonio 1981, no writ).

■ In the present case R.M. argues there is no evidence or insufficient evidence to support findings on factors (2), (4), (5) and (6), *supra.* The juvenile correctly points out that the court made no finding that the alleged offense was committed in a *premeditated* manner. We hold this was not a required finding. The court did find the alleged offense was committed in an *aggressive* manner. That finding is supported by the evidence.

Regarding the sophistication and maturity of the juvenile, a psychiatric report submitted to the court and counsel stated that R.M., although "not very intelligent," had awareness of the circumstances of the offense charged and the possible conse-

quences. It also stressed that he had adequate sophistication and maturity to handle stresses, discussions, and decisions concerning his defense beyond that of a usual child. The juvenile court found that he had "distinctly been following an adult pattern of living." [The evidence showed R.M. had lived away from supervision and, in fact, had lived with a young woman for a short period of time]. There was also an evaluation and finding that R.M. had the ability to waive his constitutional and statutory rights and to work with his attorney with a rational and factual understanding of the charges against him, and to assist in his own defense. We find there was sufficient evidence to support the finding by the juvenile court.

The juvenile court may consider the history and previous record of the child. This does not necessarily limit the court to consideration of previous *criminal* activities of the child. It is not a requisite of the transfer statute that a child must have a previous criminal record. In this case, along with his social history and evaluations by psychologists and a psychiatrist, the juvenile court did examine the previous referrals of R.M. to the juvenile probation office. Although some of the records indicated the disposition of the earlier cases, others did not. R.M. argues the evidence is thereby rendered insufficient for the court to make a determination of the juvenile's behavior as to violence, aggressiveness, and previous wrongdoing. Our examination of the statute, § 54.02, *supra,* discloses that this determination is not required by the juvenile court. As already stated, a previous criminal record is not one of the bases upon which a valid transfer order must rest.

The record indicates that R.M. was placed and lived some of the time at supervised juvenile facilities in San Antonio both before and after the alleged offense. He asserts on appeal this overcame any evidence that he was not amenable to the use of procedures, services, and facilities available to the court for the adequate protection of the public and his rehabilitation. The probation officer testified his opinion to be

otherwise, however, stating R.M. became violent and uncontrollable when he consumed alcohol. A psychologist and psychiatrist agreed in their reports that the procedures, services, and facilities available to the juvenile court would not provide adequate protection for the public and would be inadequate to provide rehabilitation of the child.

This court has examined the record and determined there is sufficient evidence to support the challenged findings of the juvenile court. Point of error two is overruled.

The order of the juvenile court waiving jurisdiction and transferring the juvenile to criminal district court is affirmed.