**Richard James McBRIDE, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–82–171CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 26, 1983.

James Stafford, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before JUNELL, MURPHY and DRAUGHN, JJ.

JUNELL, Justice.

This appeal follows a conviction for aggravated rape. Richard James McBride, Jr., was less than seventeen years of age at the time of the offense. After a hearing, the juvenile court waived jurisdiction over appellant. Subsequently, appellant's attorney filed a motion in the criminal district court suggesting that appellant was mentally ill and incompetent to stand trial. A jury found McBride competent; appellant then entered a plea of guilty to the charge of aggravated rape. The court found him guilty and assessed punishment at twenty years confinement in the Texas Department of Corrections. On appellant's motion this court dismissed the appeal from the order of certification.[1] The questions presented are: (1) whether the juvenile court properly acquired jurisdiction over appellant for purposes of certification to stand trial as an adult; and (2) whether the court erroneously admitted testimony concerning the offense charged at appellant's competency trial. We find no reversible error and affirm.

In his first four grounds of error appellant contends the juvenile court failed to acquire jurisdiction over him for purposes

1. Although appeal was perfected to this court from the order of certification, no briefs were ever filed.

of certification as an adult for criminal prosecution; thus the order waiving juvenile jurisdiction was void.

The record contains a "second amended" petition, under cause number 48310, charging appellant with aggravated rape of SLF on or about November 16, 1980, and also charging appellant with sexual abuse of KB on or about November 16, 1980. The petition asks the juvenile court to waive jurisdiction over appellant. This "second amended" petition is dated June 9, 1981. The officer's return on the citation shows that appellant and his mother, Norma McBride, were served with the "second amended" petition on June 9, 1981. The petition lists Richard James McBride as appellant's father and shows his location as "unknown in Michigan." The citation indicates the hearing for certification was to be held on June 8, 1981.

Specifically, appellant complains that (1) the citation was defective because it commanded his attendance on an impossible date and did not include the name and location of his parents, (2) he was not afforded sufficient notice of the State's intention to seek waiver of jurisdiction, and (3) he was deprived of due process of law by not being timely notified of the certification proceedings.

■ Tex.Fam.Code Ann. § 54.02 (Vernon 1975 & Vernon Supp.1982–1983) governs certification proceedings. The petition and notice requirements of Tex.Fam.Code Ann. §§ 53.04–53.07 (Vernon 1975 & Vernon Supp.1982–1983) must be satisfied. The citation must state that the purpose of the hearing is to consider transfer to the criminal court. *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978). Citation may be waived by all parties except the juvenile. In the absence of a citation served on the juvenile, the juvenile court does not acquire jurisdiction to consider discretionary transfer. *In re D.W.M.,* 562 S.W.2d 851 (Tex.1978).

■ Although the citation in this case may be defective on its face, the error, if any, did not deprive the court of jurisdic-

tion in this case. Close examination of the record reveals that the court had previously acquired jurisdiction over appellant. The transcript contains a citation and an officer's return which show that appellant and his mother were served on March 26, 1981, with "the petition of [Assistant District Attorney] Carl Haggard ... cause no. 00048310 amended filed herein on the 16th day of March, 1981." The citation refers to a petition to waive jurisdiction in cause no. 00048310 amended, signed and filed by Carl Haggard, Assistant District Attorney. The citation states that the purpose of the hearing was to consider the transfer of appellant to district court for criminal proceedings.

■ Although the petition and notice provisions required for certification by Tex. Fam.Code Ann. §§ 53.04–53.07 are mandatory, the failure to prosecute an appeal from the order of certification constitutes a waiver of all non-jurisdictional defects arising from the certification proceedings. *See Grayless,* 567 S.W.2d at 219; *Clemons v. State,* 630 S.W.2d 506 (Tex.App.—Austin 1982, pet. ref'd). As pointed out above, appellant appealed from the certification order but then moved that the appeal be dismissed. Thus, he waived all nonjurisdictional errors in the certification proceedings. We hold that the juvenile court validly acquired jurisdiction over appellant when he was served on March 26, 1981, in accordance with §§ 54.04–54.07. When jurisdiction attached, the court did not lose jurisdiction because the State may have failed to follow the statutory guidelines in serving appellant with an *amended petition. In re R.M.,* 648 S.W.2d 406 (Tex.App.—San Antonio, 1983, no writ). Complaints concerning procedural irregularities in the certification process may not be raised for the first time on appeal from a conviction following the transfer. *See Grayless,* 567 S.W.2d at 219.

■ The order waiving jurisdiction indicates the hearing thereon was conducted on June 10, 1981; it recites that appellant and his attorney were present. Although it may have been error for the court

to hold the hearing only one day after appellant was served with the State's amended motion, we do not consider this to be fundamental error which is subject to collateral attack. Likewise, the fact that the petition failed to allege the location of appellant's father did not deprive the court of jurisdiction. *M.E. v. State*, 616 S.W.2d 690 (Tex.Civ.App.—Waco 1981, no writ). Similarly, we do not perceive the alleged deprivation of "due process" to be a matter which can be raised for the first time in an appeal from a conviction in the district court. Grounds of error one, two, three and four are overruled.

By ground of error five, appellant complains that the court improperly admitted testimony concerning the offense charged before the jury which determined his competency to stand trial.

Following certification, appellant's counsel filed a motion suggesting that appellant was incompetent to stand trial. A jury was impanelled to hear the competency matter. After appellant offered evidence concerning competency, the State offered the testimony of Dr. J.M. Bloom, a psychologist with the Harris County Psychiatric Hospital. In his brief, appellant complains of Dr. Bloom's testimony on direct examination, concerning conversations between appellant and Dr. Bloom about the offense. Specifically, appellant points out: "He told me what happened after he was arrested.... He referred spontaneously to the age of a girl that—'they say I hurt somebody, a girl. They didn't tell me her age. They don't tell me.'"

Tex.Code Crim.Proc.Ann. art. 46.02, § 4(a) (Vernon 1979) requires that a defendant's competency be determined at a hearing separate from the trial on the merits. At this hearing, the defendant's guilt or innocence is not at issue; thus, introducing evidence of the offense itself is improper. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1980). However, not every mention of the crime itself will be prejudicial. To necessitate reversal, the evidence of the offense brought to the attention of the competency jury must be of such a nature as to deny the accused a fair and impartial determination of his competency. *Id.* at 580.

Even if appellant's general objection to the testimony were sufficient to preserve error, we remain unconvinced that Dr. Bloom's testimony exposed the jury to prejudicial facts concerning the offense. The jury was informed during voir dire examination that appellant was under the age of seventeen, that he had been certified to stand trial as an adult, and had been indicted by the grand jury on charges of aggravated rape and sexual abuse. We fail to see how this testimony worked to deprive appellant of a fair determination of his competency. Ground of error five is overruled.

Finding no error which warrants reversal, we affirm the conviction.