11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Brian
Carlson

Appellant

Vs.                   No. 11-03-00001-CR -- Appeal
from Brown County

State
of Texas

Appellee

 

After the juvenile court waived jurisdiction and
transferred this case to district court, Brian Carlson pleaded guilty to the
offense of aggravated assault with a deadly weapon.  The district court convicted appellant and
assessed his punishment at confinement for three years.  We reverse and remand.  

In both issues on appeal, appellant challenges the
juvenile court=s
jurisdiction to transfer appellant to district court to be tried as an adult.[1]  In the first issue, appellant contends that
his parent did not receive adequate service of the summons to appear at the
transfer hearing.  In the second issue,
appellant argues that the proof at the transfer hearing was not sufficient with
respect to appellant=s
age.  








Juvenile proceedings were initiated against the
15-year-old appellant for beating the victim with a metal rod in May 2002.  On July 9, 2002, the State filed a petition
for discretionary transfer of appellant=s
case to district court pursuant to TEX. FAM. CODE ANN. '
54.02 (Vernon 2002).  The hearing was set
for July 16 at 10:00 a.m.  Appellant was
duly summoned and served with a copy of the petition on July 9.  On July 10, the summons to be served upon
appellant=s father
was mailed to the Craven County Sheriff=s
Office in North Carolina.  However, the
Craven County Sheriff=s
Office did not receive the summons until July 16, too late to timely serve it
upon appellant=s
father.  The transfer hearing commenced
on July 16, but was recessed pending service upon appellant=s father.  The hearing resumed on July 18, 2002, at
11:15 a.m.  In the meantime, appellant=s father had been served in North
Carolina on July 17 at 4:09 p.m.  The
summons that was served upon appellant=s
father on the 17th was the original summons indicating that the hearing was to
be held on the 16th. 

Neither appellant=s
father nor mother attended the hearing. 
Service of a summons upon appellant=s
mother was not attempted.  The record
indicates that she was suffering from severe mental problems and was in the Big
Spring State Hospital at the time of the hearing.  Appellant=s
attorney was appointed to serve as appellant=s
guardian ad litem for the purpose of the transfer hearing.  At the conclusion of the transfer hearing,
the county court, sitting as a juvenile court, waived jurisdiction and
transferred appellant to the appropriate criminal court to be tried as an
adult. 

Section 54.02(b) provides that the Apetition and notice requirements@ of TEX. FAM. CODE ANN. '' 53.04, 53.05, 53.06, &
53.07 (Vernon 2002) Amust
be satisfied.@  Section 53.06(a)(2) provides that the
juvenile court Ashall
direct issuance of a summons@
to the child=s parent,
guardian, or custodian.  Service upon
either parent is sufficient to satisfy this mandate.  In the Matter of Edwards, 644 S.W.2d
815, 818 (Tex.App. - Corpus Christi 1982, writ ref=d
n.r.e.).  Although service upon a parent
is a Awaivable
right@[2]
pursuant to the waiver provisions in Section 53.06(e), no such waiver occurred
in this case.  Neither of appellant=s parents attended the hearing or
waived service of the summons in writing. 
Since the right to service of the summons was not waived, service upon a
parent was mandatory.  

The service that was eventually had upon appellant=s father was not effective.  With respect to service upon a nonresident,
Section 53.07(a) provides as follows:  

If a person to be served with a
summons...is outside this state but he can be found or his address is known, or
his whereabouts or address can with reasonable diligence be ascertained,
service of the summons may be made either by delivering a copy to him personally
or mailing a copy to him by registered or certified mail, return receipt
requested, at least five days before the day of the hearing.

Appellant=s
father was not served five days prior to the transfer hearing.  In fact, he was served one day after the date
upon which the summons indicated the hearing was to be held.  








Previous cases addressing the lack of service of a
summons upon the child or a parent have held that the issue is jurisdictional.  Grayless v. State, 567 S.W.2d 216
(Tex.Cr.App.1978); Ex parte Burkhart, 253 S.W. 259
(Tex.Cr.App.1923).  Consequently, we must
conclude that, because appellant=s
parent was not duly served with the summons in this case, the juvenile court
was without jurisdiction to transfer appellant to district court.  Furthermore, because the juvenile court
lacked jurisdiction to enter a valid transfer and certification of appellant,
the district court lacked jurisdiction to try appellant for the offense.  TEX. PENAL CODE ANN. '
8.07 (Vernon Supp. 2004 - 2005); Grayless v. State, supra at
220.  

The State argues that, because appellant=s father was not a resident of Texas,
his attendance at the transfer hearing was excused.  We do not dispute such an assertion.  TEX. FAM. CODE ANN. '
51.115 (Vernon 2002) provides an exception to the mandatory attendance at a
transfer hearing of a parent if that parent is not a resident of this
state.  However, Section 51.115 deals
with attendance, not service.  Section
51.115 does not excuse the State=s
failure to serve a summons in compliance with the mandate of Section 54.02(b)
and the sections referred to therein.  

Having found error, we must determine whether the
error is reversible.  Even jurisdictional
errors may be subject to a harmless error analysis.  Mendez v. State, 138 S.W.3d 334,
339-40 (Tex.Cr.App.2004)(Except for certain federal constitutional errors
labeled as Astructural,@ no error B
including an error relating to jurisdiction, voluntariness of the plea, or any
other mandatory requirement B
is categorically immune to a harmless error analysis).  The court in Mendez recognized that
some errors defy analysis and that Asome
kinds of errors (particularly jurisdictional ones) will never be harmless.@ 
Id. at 340.  We cannot find
that the error in this case did not affect appellant=s
substantial rights.  Therefore, the error
was not harmless under TEX.R.APP.P. 44.2(b). 
Appellant=s first
issue is sustained.  Accordingly, we need
not address the second issue. 
TEX.R.APP.P. 47.1. 

Both the order of the Brown County Court (sitting
as a juvenile court) waiving jurisdiction and transferring appellant to
district court and the judgment of the district court convicting appellant of
the offense of aggravated assault are void. 
Consequently, the judgment of conviction is reversed, and the cause is
remanded to the Brown County Court for further proceedings.  

 

JIM R. WRIGHT

JUSTICE 

October 14, 2004

Publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]We note that a direct appeal from the transfer or
certification order is no longer available under TEX. FAM. CODE ANN. ' 56.01 (Vernon 2002). 
See Small v. State, 23 S.W.3d 549 (Tex.App. - Houston [1st Dist.]
2000, pet=n ref=d).  Thus, issues
relating to the transfer proceeding are properly raised in an appeal from a
conviction after transfer.  





[2]See Mendez v. State, 138 S.W.3d 334, 340-342 (Tex.Cr.App.2004).