

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00038-CV

IN THE MATTER OF X.S., A JUVENILE

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 5105-J

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In this accelerated appeal, X.S. challenges the juvenile court's order waiving jurisdiction and transferring his case to a criminal district court for trial as an adult on charges of murder, engaging in organized criminal activity, and participating in a riot.[1]  X.S. argues that the juvenile court lacked jurisdiction to transfer the case to criminal court because, contrary to the requirements of the Texas Family Code, it did not serve him with a proper summons and petition.  Because we agree, we reverse the transfer order and remand this case to the juvenile court for further proceedings.[2]

## I.      The Juvenile Court Lacked Jurisdiction to Enter the Transfer Order

The State filed an "ADJUDICATION PETITION" alleging that X.S. engaged in delinquent conduct when he was sixteen by committing murder, participating in a riot, and engaging in organized criminal activity.  *See* TEX. PENAL CODE ANN. §§ 19.02, 42.02, § 71.02 (Supp.).  Because the offense was not adjudicated, the State also filed an original and an amended "PETITION FOR DISCRETIONARY TRANSFER TO CRIMINAL COURT."  A juvenile's discretionary transfer to criminal court is authorized by Section 54.02 of the Texas Family Code.  TEX. FAM. CODE ANN. § 54.02.  That section mandates that the "petition and notice requirements of Section[] . . . 53.06" must be complied with and that "the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court."  TEX. FAM. CODE ANN. § 54.02(b).  Section 53.06 requires the summons to contain the date and

---

[1]*See* TEX. FAM. CODE ANN. § 54.02.

[2]Because we find that the juvenile court lacked jurisdiction to enter the transfer order, we need not decide X.S.'s remaining points of error.

2

time that the persons served are required to appear and further requires that "[a] copy of the petition must accompany the summons." TEX. FAM. CODE ANN. § 53.06(b). Both the Texas Court of Criminal Appeals and "the Texas Supreme Court have held that the failure to comply with § 54.02(b) deprives the juvenile court of jurisdiction to transfer the case." *Ex parte Rodriguez*, 466 S.W.3d 846, 850 (Tex. Crim. App. 2015) (orig. proceeding) (citing *Grayless v. State*, 567 S.W.2d 216, 219 (Tex. Crim. App. [Panel Op.] 1978); *In re D.W.M.*, 562 S.W.2d 851, 852 (Tex. 1978) (per curiam)); *see In re M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.); *In re A.B.*, 938 S.W.2d 537, 538 (Tex. App.—Texarkana 1997, writ denied). This is because "the juvenile cannot waive the service of the summons for the transfer hearing, even if the juvenile attends the transfer hearing." *Ex parte Rodriguez*, 466 S.W.3d at 850 ("a minor does not possess the legal capacity to waive service of summons, nor can anyone waive it for him"); *see* TEX. FAM. CODE ANN. § 53.06(e).

The clerk's record here establishes that the summons did not comply with either Section 54.02(b) or Section 53.06. First, the summons failed to specify "that the hearing [wa]s for the purpose of considering discretionary transfer to criminal court." TEX. FAM. CODE ANN. § 54.02(b). Instead, the summons indicated that X.S. was "to answer the allegations of the petition filed by TAYLOR PRIOR, Assistant District Attorney, Harrison County, Texas, in which [X.S.] is alleged to have engaged in delinquent contact/conduct." Next, the summons also indicated that the petition was attached, but the clerk's record contains no such attachment. That omission is problematic since the first petition filed by Taylor Prior was an "ADJUDICATION PETITION," which made no reference to any discretionary transfer. As a result, it appears that

3

there was a failure to attach to the summons any petition for discretionary transfer to criminal court. Last, the summons contained the wrong date and time. The summons required X.S.'s presence on "WEDNESDAY, MAY 4, 2022 at 3:00 PM." However, the hearing on the petition for discretionary transfer was held on Friday, May 6.

"The proceeding to declare a juvenile a delinquent . . . and the proceeding to waive jurisdiction and to certify a juvenile as an adult for criminal prosecution . . . are separate and distinct proceedings." *In re T.L.*, No. 02-19-00200-CV, 2019 WL 4678565, at *1 n.2 (Tex. App.—Fort Worth Sept. 26, 2019, no pet.) (mem. op.) (quoting *Grayless v. State*, 567 S.W.2d 216, 219 (Tex. Crim. App. [Panel Op.] 1978)). As a result, even when a juvenile is served with a summons that had a petition to adjudicate delinquency attached, the record must also show that a juvenile received a summons attaching a subsequent petition to certify the juvenile as an adult. *Grayless v. State*, 567 S.W.2d 216, 219 (Tex. Crim. App. [Panel Op.] 1978). Absent such a showing, even when the juvenile and his parents are present and there is no objection to the hearing, "[f]ailure of the summons to comply with Sec. 54.02(b) deprives the juvenile court of jurisdiction to consider discretionary transfer." *Id.* (citing *In re D.W.M.*, 562 S.W.2d 851, 852 (Tex. 1978) (per curiam)); *see In re M.D.R.*, 113 S.W.3d at 553; *In re A.B.*, 938 S.W.2d at 539. We sustain X.S.'s point of error.

**II.** **Conclusion**

We reverse the juvenile court's order of transfer to criminal court and remand the matter to the juvenile court for further proceedings consistent with this opinion.

> Scott E. Stevens
> Justice

Date Submitted:    September 1, 2022
Date Decided:      September 2, 2022