Jesus DELEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–86–0184–CR.

Court of Appeals of Texas,
Amarillo.

April 22, 1987.

Waters, Holt, Fields & Waters, David E. Holt, Pampa, for appellant.

Guy Hardin, Dist. Atty., Pampa, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

After appellant Jesus Deleon, a sixteen-year-old juvenile, was certified as an adult, a jury convicted him of murder. The court assessed his punishment at confinement for thirty years.

Appealing with three points of error, appellant initially seeks a reversal of his conviction and his complete discharge on the contention that the trial court erred in denying his motion to set aside the indictment for the State's noncompliance with the Texas Speedy Trial Act. Alternatively, he seeks a reversal of his conviction and his return to the juvenile court on the contentions that the trial court lacked jurisdiction because of a defective summons and because of the lack of evidence for his transfer from the juvenile court to the trial court. Upon the rationale expressed, the first and third points will be overruled, but the defective summons dictates that the second point will be sustained. Reversed and remanded.

To evaluate appellant's initial contention that the State's noncompliance with the Texas Speedy Trial Act bars his prosecution, see, e.g., Grayless v. State, 567 S.W.2d 216 (Tex.Cr.App.1978), a statement of events is appropriate. The sixteen-year-old appellant was arrested on 26 October 1985 following the alleged murder of Pete Ontiveros. At a hearing three days later in the County Court of Gray County, the county judge, who was not an attorney licensed in this State, ordered appellant detained in custody for a period of time not to exceed ten days. Afterwards, appellant and his counsel waived in writing subsequent detention hearings, agreeing that appellant would remain in detention. Thereafter on 27 November 1985, the county judge, after a hearing and findings, waived jurisdiction of the cause, transferred appellant to a criminal court of Gray County, and ordered that he be detained in the custody of the sheriff.

Later, on 19 February 1986, appellant moved the 31st Judicial District Court of Gray County, the criminal court to which the proceedings were transferred and a court designated as a juvenile court, for a trial de novo on the ground that the county judge was not a licensed attorney. See Tex.Fam.Code Ann. §§ 51.18, 51.04(d) (Vernon 1986); Tex.Gov't Code Ann. § 23.001(b) (Vernon Pamp.1987). The judge of the district court granted the motion, and ordered the dismissal of the district court proceedings and the transfer of the proceedings back to juvenile court. Then, on 19 March 1986, the 31st Judicial District Court, sitting as a juvenile court and entertaining the State's pleadings filed on 6 March 1986, ordered, upon affirmative findings, relinquishment of juvenile jurisdiction and transfer to a criminal court for prosecution.

Appellant was indicted for the murder of Pete Ontiveros on 28 April 1986, and the criminal prosecution was transferred to the 223rd Judicial District Court of Gray County. The following 18 June 1986, appellant moved the district court to set aside the indictment because the State was not ready for trial within 120 days of either the date he was arrested or the date the county judge transferred jurisdiction to the district court as required by the Texas Speedy Trial Act. See Tex.Code Crim.Proc.Ann. art. 32A.02 (Vernon Pamp.Supp.1987). On 20 June 1986, the court heard and denied the motion, and set the cause for trial on 23 June 1986. On the latter date when the cause was called for trial, the State and appellant announced ready for trial, and the trial commenced before a jury the next day.

In submitting that the trial court erroneously denied his motion to set aside the indictment, appellant relies on the portion of the Texas Speedy Trial Act which pro-

vides that the court shall grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a felony criminal action. Tex.Code Crim.Proc.Ann. art. 32A.02, § 1(1) (Vernon Pamp.Supp.1987). It is his position that if the 120–day period begins to run either on 26 October 1985, the day he was arrested, or on 27 November 1985, the day of the first certification order by the county judge, the time for the State to be ready for trial would have expired before the indictment was returned on 28 April 1986. Thus, appellant argues, the State could not have been ready for trial within the 120–day period, particularly since the State did not announce ready until 23 June 1986 without offering any evidence to justify excluding any period of time. Appellant's position is not well-founded.

When appellant was arrested on 26 October 1985 and delinquency proceedings were instituted against him in county court, he was under the exclusive jurisdiction of the juvenile court, governed by proceedings civil in nature, and the provisions of article 32A.02, *supra*, would not apply to him until he was certified as an adult and transferred to a criminal court. *Robinson v. State*, 707 S.W.2d 47, 48–49 (Tex.Cr.App. 1986). Appellant was certified as an adult and transferred to a criminal court by the county judge on 27 November 1985; however, as was his right, appellant asked for and received a trial de novo before an alternate juvenile court, the 31st Judicial District Court, the judge of which was an attorney licensed in this State. Tex.Fam. Code Ann. §§ 51.18, 51.04(d) (Vernon 1986); Tex.Gov't Code Ann. § 23.001(b) (Vernon Pamp.1987). The effect of the granted trial de novo was the nullification of the county judge's certification and transfer order, *Southern Canal Co. v. State Board of Water Eng.*, 159 Tex. 227, 318 S.W.2d 619, 622 (1958), and the ordered reinvestment of the juvenile court's jurisdiction.

Then, when the 31st Judicial District Court, sitting as a juvenile court, certified appellant as an adult and transferred him to a criminal court on 19 March 1986,

that was the date upon which criminal action commenced against him for purposes of the Texas Speedy Trial Act. *Robinson v. State, supra*, at 49. The State's announcement of ready on 23 June 1986 was well within the 120–day period commencing on 19 March 1986, and the announcement, being unchallenged or rebutted by appellant, was a prima facie showing of the State's compliance with the Texas Speedy Trial Act. *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Cr.App.1979). Appellant's first point is overruled.

With regard to appellant's two contentions that the trial court lacked jurisdiction, the one presented by his third point is first considered. By this point, appellant contends that no evidence, or insufficient evidence, was presented to the juvenile court at the 19 March 1986 hearing to support the necessary findings for his transfer to a criminal court. He represents that although the transcript reveals there was a stipulation to admissibility of documents, the contents of the documents were not stipulated, the stipulation contained no evidence, and no other proof was offered and admitted into evidence. Therefore, he concludes, there was no evidence to support the waiver and transfer by the juvenile court, thereby depriving the district court of jurisdiction to try him as an adult.

Contrary to appellant's representation that no evidence was offered and admitted at the hearing, the juvenile court's 19 March 1986 order of discretionary transfer recites that "[a]fter hearing evidence," the court made the factual findings stated as the basis for the transfer. No record of the 19 March 1986 hearing is contained in the appellate record; therefore, appellant has not discharged his burden to present a record sufficient to show the error he represents. Tex.R.App.Proc. 50(d). As a result, this Court not only is unable to review the alleged error, *Hawkins v. State*, 628 S.W.2d 71, 76 (Tex.Cr.App.1982), but cannot accept appellant's bare representation in his brief of no evidence to support the juvenile court's order as a fact that would contradict the order's recitation that evidence was heard. *Morin v. State*, 682

S.W.2d 265, 267 (Tex.Cr.App.1983). The third point is overruled.

Appellant utilizes his second point to contend that the trial court lacked jurisdiction because his juvenile court summons failed to state that the purpose of the hearing was to consider discretionary transfer to criminal court. In this connection, the record shows that after appellant was granted a trial de novo and jurisdiction was reinvested in the juvenile court, the State filed additional pleadings on 6 March 1986. One pleading was the State's "SECOND PETITION ALLEGING DELINQUENT CONDUCT;" the other was the State's "MOTION FOR DISCRETIONARY TRANSFER TO DISTRICT COURT FOR CRIMINAL PROSECUTION." The summons issued and served on appellant commanded him to appear before the juvenile court,

> THEN AND THERE to answer the allegations of the petition filed on the *6th* day of *March,* 19*86,* by *David Hamilton, Prosecuting* Attorney, *Gray* County, Texas, in which JESUS DELEON is alleged to have engaged in delinquent conduct, a copy of said petition is attached hereto.

The allegations of the only "petition" filed on 6 March 1986 by prosecutor Hamilton, which appellant was summoned to answer, were that appellant has engaged in delinquent conduct, stated to be the murder of Pedro [*sic*] Ontiveros, which requires the juvenile court to assume formal jurisdiction of appellant. The only action prayed for was that the court conduct such proceeding and enter such orders the court deems to be for the best interest of appellant and for the protection of the public.

■ The Texas Family Code provides for the issuance of a summons to the child named in the petition for a transfer hearing, requires that a copy of the petition must accompany the summons, and specifies that

> the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

Tex.Fam.Code Ann. § 54.02(b) (Vernon 1986). Compliance with section 54.02(b) is mandatory and prerequisite to the jurisdiction of the juvenile court to consider waiver of jurisdiction and discretionary transfer to criminal court. *Matter of W.L.C.,* 562 S.W.2d 454, 455 (Tex.1978). Thus, a summons which fails to state that the purpose of the hearing is for the purpose of considering discretionary transfer to criminal court is fundamentally defective and deprives the juvenile court of jurisdiction over the juvenile. *Grayless v. State, supra,* 567 S.W.2d at 219. This is not to say, however, that slight deviations from the statutorily specified wording invalidates the summons. *See, e.g., Hardesty v. State,* 659 S.W.2d 823, 825 (Tex.Cr.App.1983) (a summons that does not contain the words "to criminal court" satisfies section 54.02(b) when the summons expressly incorporates the attached petition which contains references to criminal proceedings in criminal court); *D.L.C. v. State,* 533 S.W.2d 157, 159–60 (Tex.Civ.App.—Austin 1976, no writ) (the omission of the word "discretionary" from the specified language does not render the summons inadequate).

It is at once apparent that neither the summons nor the petition to which it refers states that appellant's commanded appearance is for a hearing for the purpose of considering discretionary transfer to criminal court. Indeed, the State concedes that the summons "failed to contain the magic language of discretionary transfer." Nevertheless, the State, asserting that because of prior proceedings appellant had more than adequate notice, asks:

> [H]ow many times must the State dot its i's and cross its t's, and if one i is not dotted may the appellant lie behind the log and jump up and scream 'fundamental error on appeal' when every other i is dotted in the record[?]

Then, the State proposes that if appellant "wanted the magic words on his summons then this Court should require him to object at the time he is served so that that particular matter can be corrected before it reaches the position that it is in today."

■ Contrary to the State's perception of notice, the question is not one of dotting i's and crossing t's; rather, the question is

whether, as mandated by the statute, the summons contained the constitutional due process notice that the hearing was for the purpose of considering discretionary transfer to criminal court, which was ordered after the hearing. *See In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). Obviously, the summons does not pass statutory muster. And the fact that appellant did not object to the defective summons in the juvenile court does not constitute a waiver of the fatal infirmity in the summons, *Grayless v. State, supra*, 567 S.W.2d at 219–20, for, as a child, appellant is without legal authority to waive it. *In Matter of D.W.M.*, 562 S.W.2d 851, 853 (Tex.1978).

The failure of the summons to comply with section 54.02(b), *supra*, deprived the juvenile court of jurisdiction to consider the discretionary transfer. *In Matter of D.W.M., supra*. Therefore, the court's order waiving jurisdiction and transferring appellant to criminal court for prosecution was a nullity, *Grayless v. State, supra*, at 220, and the district court did not have jurisdiction to try appellant for the criminal offense charged by the indictment. *Johnson v. State*, 551 S.W.2d 379, 382 (Tex.Cr. App.1977). Appellant's second point of error is sustained.

Accordingly, the judgment is reversed, the indictment is ordered dismissed, and appellant is remanded to the 31st Judicial District Court of Gray County for proceedings in accordance with chapters 53 and 54 of the Texas Family Code. *Watson v. State*, 587 S.W.2d 161, 163 (Tex.Cr.App. 1979).