Luis ALANIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00827–CR.

Court of Appeals of Texas,
San Antonio.

July 21, 1999.

Jose Luis Ramos, Jose Luis Ramos Law Office, Rio Grande City, for appellant.

Heriberto Silva, Dist. Atty., Jon W. West, Asst. Dist. Atty., Rio Grande City, for appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This case was transferred by the juvenile court to the district court for prosecution. This is an appeal from a jury trial finding appellant, Luis Alaniz, guilty of the offense of murder. Alaniz was sentenced to thirty-eight years in the Texas Depart-

ment of Criminal Justice—Institutional Division. On appeal, he raises three issues. In his first issue, he asserts the trial court was without jurisdiction to act on this matter as he was not personally served in compliance with § 53.06 of the Texas Family Code. We agree with appellant's first issue, therefore we reverse the judgment of the trial court and remand the case to the juvenile court for further proceedings consistent with this opinion.

## Statement of Facts

Appellant, Luis Alaniz was born on December 10, 1980. On March 6, 1997, appellant was arrested and charged with the stabbing death of Rafael Galindo. The petition alleged appellant intentionally or knowingly caused the death of Rafael Galindo. The summons ordered appellant and his parents to appear for a pretrial hearing for the purpose of considering the State's "Petition for Waiver of Jurisdiction." Service of the summons and petition were made to the secretary of appellant's attorney by the Starr County Sheriff's Department. A copy of the summons and petition were never given to appellant or his parents. However, despite the failure of proper service, appellant, his parents, and counsel appeared for the hearing to transfer to district court. The trial court, in its order certifying appellant an adult and ordering transfer of the case to district court, found that appellant was duly and properly served.

## Jurisdiction

Section 54.02 of the Texas Family Code provides that a juvenile court may waive its exclusive jurisdiction and transfer a proceeding to the appropriate district court. TEX. FAM.CODE ANN. § 54.02(a) (Vernon 1996). Prior to a case being transferred, certain prerequisites must be met including the notice requirements outlined under the code. *Id.*

■ Texas law specifically provides that a juvenile court direct the issuance of a summons to the child, parent or guardian ad litem. TEX. FAM CODE. ANN. § 53.06(a) (Vernon 1996). Furthermore, the code specifically provides that "any party, other than the child, may waive service of process." TEX. FAM.CODE. ANN. § 53.06(e) (Vernon 1997). Under Texas case law, notice is mandatory, and failure to comply with the notice provisions outlined under the Texas Family Code deprives the juvenile court of jurisdiction. *In the Matter of D.W.M.*, 562 S.W.2d 851, 852 (Tex.1978). Absent an affirmative showing in the record that the juvenile was served with citation, the juvenile court is without jurisdiction to transfer the case to district court. *Matter of W.L.C.*, 562 S.W.2d 454, 454 (Tex.1978).

■ At the hearing on the waiver of jurisdiction, appellant did not object to the proceeding, but did question the law enforcement officer responsible for serving citation on appellant. Subsequent to that hearing, the juvenile court entered a waiver of jurisdiction which was filed in the record. In that order, the trial court found that appellant was duly and properly served by a suitable person under the direction of the court. At the hearing and the guilt-innocence phase of trial, the officer who effected service testified that he did not personally serve the summons and petition on the appellant. Instead, the officer testified, service was made upon defense counsel's secretary. Based on these facts, the issue presented in the case at bar is whether the service of the petition and summons to appellant's attorney's secretary fulfilled the requirements of service of process under the juvenile code.

The El Paso court of appeals was faced with a similar issue in the case of *In the Matter of M.W.*, 523 S.W.2d 513 (Tex.Civ. App.—El Paso 1975, no writ). Citation issued to M.W. and his parents, but citation was served on M.W.'s attorney. Appellant's attorney filed an answer in the case and even appeared at the hearing for discretionary transfer to a criminal court. On review, the appellate court was faced

with the issue of jurisdiction. The court reasoned that section 53.06 expressly necessitated the service of process upon the minor. *Id.* at 516. In its analysis, the court relied on this court's opinion in *Casanova v. State*, 489 S.W.2d 727 (Tex.Civ. App.—San Antonio 1972) *reversed on other grounds*, 494 S.W.2d 812 (Tex.1973). In *Casanova*, this court held that service of process upon a juvenile is necessary in a proceeding to declare a child delinquent. *Id.* at 728–29; *see also Johnson v. State*, 551 S.W.2d 379, 381 (Tex.Crim.App.1977); *see In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967) (stating that due process of law requires notice which would be deemed constitutionally adequate in a civil or criminal proceeding).

 As a juvenile, Alaniz did not have the capacity to waive service of process. *See* Tex. Fam.Code Ann. §§ 53.06(e), 53.07 (Vernon 1997); *In the Matter of D.W.M.*, 562 S.W.2d at 852; *In the Matter of W.L.C.*, 562 S.W.2d at 455. Therefore, the failure to object to the lack of personal service at the hearing on the waiver of jurisdiction did not constitute waiver. *See In the Matter of D.W.M.*, 562 S.W.2d at 853; *Casanova*, 489 S.W.2d at 729. In addition, under the Texas Family Code, service on the juvenile's attorney was also ineffective. *See In the Matter of A.B.*, 938 S.W.2d 537, 539 (Tex.App.—Texarkana 1997, writ denied) (reversing and remanding for new trial where juvenile's attorney was served with petition only); *In the Matter of M.W.*, 523 S.W.2d at 514. Simply, there is no affirmative evidence in the record to indicate that Alaniz was served.[1] Based on Texas statutory law and case law, as applied to the facts in this case, we find that Alaniz was not properly served, and therefore the jurisdiction of the juvenile court was not invoked.

In short, non-compliance with § 54.02 of the Texas Family Code deprived the juvenile court of jurisdiction; thus, the district court never acquired jurisdiction. We sustain appellant's first issue, and therefore we do not reach the other issues raised on appeal. The juvenile court retains jurisdiction over Alaniz regardless of his present age. *See* Tex. Fam.Code Ann. § 54.041 (Vernon 1996)[2]; *In re D.W.R.*, 990 S.W.2d 446, 448 (Tex.App.—San Antonio 1999, no pet.) (citing § 54.041 as asserting that the juvenile court retains jurisdiction where the underlying conduct engaged occurred when appellant was a child within the meaning of the juvenile code). We remand this case to the juvenile court for action consistent with this opinion.

---

1. The State argues that a certified copy of the summons was served on the juvenile. It argues that this summons, coupled with the juvenile court's finding that appellant was properly served placed the burden on appellant to show *invalid* service. The State cites *Polanco v. State*, 914 S.W.2d 269 (Tex.App.—Beaumont 1996, pet. ref'd ) and *Sauve v. State*, 638 S.W.2d 608 (Tex.App.—Dallas 1982, pet. ref'd) in support of this proposition. We do not agree that these two cases are applicable to the case at hand because they are factually distinguishable. In *Polanco*, appellant argued that service of citation was fatally defective because the summons failed to state the purpose of the hearing, and the State failed to serve him with a petition. *Polanco*, 914 S.W.2d at 270. In *Sauve*, the appellant challenged the service of citation on the basis that the court failed to make a finding that a probation officer was a suitable person to serve process. *Sauve*, 638 S.W.2d at 609. There, appellant conceded the undisputed fact that he had been served. There is nothing in the summons in the present case to suggest that the child was served. *See id.* In the present case, appellant asserts he was never personally served, nor is there evidence that he was. Notwithstanding these cases, appellant has met the burden of showing invalid service based on the testimony of the officer who served process.

2. Section 54.041 provides that the "court retains jurisdiction over a person, without regard to the age of the person, for conduct engaged in by the person before becoming 17 years of age if, as a result of an appeal by the person under Chapter 56 of an order of the court, the order is reversed or modified and the case remanded to the court by the appellate court."