TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00076-CV







In the Matter of B. R. S.







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 554, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING 







 After a jury trial, B. R. S. was found to have engaged in delinquent conduct and
committed to the Texas Youth Commission for a determinate forty-year term. B. R. S. brings two
points of error on appeal. In his first point, he contends that the district court, sitting as a juvenile
court, lacked jurisdiction because a summons and petition was not served on him. In his second
point, B. R. S. contends that the jury charge should have included an instruction on a lesser-included offense. Because we hold that the juvenile court lacked jurisdiction, we will vacate the
trial court judgment.

 The juvenile court must direct issuance of a summons and the petition, accompanied
by the summons, must be personally served upon the child named in the petition. See Tex. Fam.
Code Ann. §§ 53.06(a)(1), (b) (West 1996); In re D.W.M., 562 S.W.2d 851, 853 (Tex. 1978);
In re W.L.C., 562 S.W.2d 454, 455 (Tex. 1978); Alaniz v. State, 2 S.W.3d 451, 452 (Tex.
App.--San Antonio 1999, no pet.); Light v. State, 993 S.W.2d 740, 745-46 (Tex. App.--Austin
1999); (1) In re K.P.S., 840 S.W.2d 706, 708 (Tex. App.--Corpus Christi 1992, no writ). Unless
a summons and citation is served on the child, the juvenile court does not acquire jurisdiction. 
See Watson v. State, 587 S.W.2d 161, 162 (Tex. Crim. App.1979); Grayless v. State, 567
S.W.2d 216, 219 (Tex. Crim. App. 1978); D.W.M., 562 S.W.2d at 853; W.L.C., 562 S.W.2d
at 455; Alaniz, 2 S.W.3d at 453; Light, 993 S.W.2d at 746; McBride v. State, 655 S.W.2d 280,
283 (Tex. App.--Houston [14th Dist.] 1983, no writ). The personal service of process on the
juvenile must affirmatively appear of record. See D.W.M., 562 S.W.2d at 851; W.L.C., 562
S.W.2d at 455; Alaniz, 2 S.W.3d at 453.

 A party, other than the child, may waive service of summons by written stipulation
or by voluntary appearance at the hearing. See Tex. Fam. Code Ann. § 53.06(e); D.W.M., 562
S.W.2d at 853. The "other than the child" language in section 53.06(e) reflects the common-law
rule that a minor is without legal capacity under the law to waive service of summons. See
D.W.M., 562 S.W.2d at 853. Nor may anyone waive service on the child's behalf. See id. An
answer filed by the child's attorney cannot waive service. See Light, 993 S.W.2d at 746; In re
H.R.A., 790 S.W.2d 102, 107 (Tex. App.--Beaumont 1990, no writ). The child's appearance at
the hearing and the failure to object to the lack of a proper summons does not constitute a waiver. 
See Grayless, 567 S.W.2d at 219-20; Light, 993 S.W.2d at 746; Deleon v. State, 728 S.W.2d
935, 939 (Tex. App--Amarillo 1987, no pet.). 

 In this case, a review of the record fails affirmatively to show service of the
summons and petition on B. R. S. The record does not contain a copy of a summons directed to
any party specified by the Family Code. Nor does the record contain a return of service. See
Tex. Fam. Code Ann. § 53.06 (West 1996). At the adjudication hearing, the judge asked B. R. S.
whether he had received the petition and amended petition. The juvenile responded that he had
never received any such documents. Because we can find no evidence in the record of service of
a summons and the petition, we conclude that the juvenile court never acquired jurisdiction and
sustain appellant's first point of error. Because of our disposition of this point, we need not
address appellant's second point.

 We vacate the juvenile court judgment and remand for further proceedings.





 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Vacated and Remanded

Filed: August 31, 2000

Do Not Publish
1. Light v. State, 993 S.W.2d 740, 745-46 (Tex. App.--Austin 1999), vacated and remanded
on other grounds, 15 S.W.3d 104, 108 (Tex. Crim. App. 2000), appeal dism'd after remand, No.
03-91-387-CR (Tex. App.--Austin June 29, 2000, no pet. h.) (not designated for publication).



="font-size: 11pt">
FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 554, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING 







 After a jury trial, B. R. S. was found to have engaged in delinquent conduct and
committed to the Texas Youth Commission for a determinate forty-year term. B. R. S. brings two
points of error on appeal. In his first point, he contends that the district court, sitting as a juvenile
court, lacked jurisdiction because a summons and petition was not served on him. In his second
point, B. R. S. contends that the jury charge should have included an instruction on a lesser-included offense. Because we hold that the juvenile court lacked jurisdiction, we will vacate the
trial court judgment.

 The juvenile court must direct issuance of a summons and the petition, accompanied
by the summons, must be personally served upon the child named in the petition. See Tex. Fam.
Code Ann. §§ 53.06(a)(1), (b) (West 1996); In re D.W.M., 562 S.W.2d 851, 853 (Tex. 1978);
In re W.L.C., 562 S.W.2d 454, 455 (Tex. 1978); Alaniz v. State, 2 S.W.3d 451, 452 (Tex.
App.--San Antonio 1999, no pet.); Light v. State, 993 S.W.2d 740, 745-46 (Tex. App.--Austin
1999); (1) In re K.P.S., 840 S.W.2d 706, 708 (Tex. App.--Corpus Christi 1992, no writ). Unless
a summons and citation is served on the child, the juvenile court does not acquire jurisdiction. 
See Watson v. State, 587 S.W.2d 161, 162 (Tex. Crim. App.1979); Grayless v. State, 567
S.W.2d 216, 219 (Tex. Crim. App. 1978); D.W.M., 562 S.W.2d at 853; W.L.C., 562 S.W.2d
at 455; Alaniz, 2 S.W.3d at 453; Light, 993 S.W.2d at 746; McBride v. State, 655 S.W.2d 280,
283 (Tex. App.--Houston [14th Dist.] 1983, no writ). The personal service of process on the
juvenile must affirmatively appear of record. See D.W.M., 562 S.W.2d at 851; W.L.C., 562
S.W.2d at 455; Alaniz, 2 S.W.3d at 453.

 A party, other than the child, may waive service of summons by written stipulation
or by voluntary appearance at the hearing. See Tex. Fam. Code Ann. § 53.06(e); D.W.M., 562
S.W.2d at 853. The "other than the child" language in section 53.06(e) reflects the common-law
rule that a minor is without legal capacity under the law to waive service of summons. See
D.W.M., 562 S.W.2d at 853. Nor may anyone waive service on the child's behalf. See id. An
answer filed by the child's attorney cannot waive service. See Light, 993 S.W.2d at 746; In re
H.R.A., 790 S.W.2d 102, 107 (Tex. App.--Beaumont 1990, no writ). The child's appearance at
the hearing and the failure to object to the lack of a proper summons does not constitute a waiver. 
See Grayless, 567 S.W.2d at 219-20; Light, 993 S.W.2d at 746; Deleon v. State, 728 S.W.2d
935, 939 (Tex. App--Amarillo 1987, no pet.). 

 In this case, a review of the record fails affirmatively to show service of the
summons and petition on B. R. S. The record does not contain a copy of a summons directed to
any party specified by the Family Code. Nor does the record contain a return of service. See
Tex. Fam. Code Ann. § 53.06 (West 1996). At the adjudication hearing, the judge asked B. R. S.
whether he had received the petition and amended petition. The juvenile responded that he had
never received any such documents. Because we can find no evidence in the record of service of
a summons and the petition, we conclude that the juvenile court never acquired jurisdiction and
sustain appellant's first point of error. Because of our disposition of this point, we need not
address appellant's second point.

 We vacate the juvenile court judgment and remand for further proceedings.