NO. 07-09-00168-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2010

JOSE MALDONADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 4045; HONORABLE RICHARD DAMBOLD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jose Maldonado, entered a plea of guilty to indecency with a child and was placed on deferred adjudication community supervision for a period of 10 years. Appellant has appealed alleging that the transfer hearing held by the juvenile court was not recorded as required and service of notice of the hearing on the transfer was defective, thereby denying jurisdiction to the district court. We reverse and remand.

Procedural History

On November 7, 2007, the State filed a petition alleging that appellant had engaged in delinquent conduct. Prior to any adjudication of the allegations against

appellant, the State filed a motion requesting that the juvenile court waive jurisdiction of appellant's case and transfer the matter to the 69th District Court of Dallam County, Texas. The State then issued a summons for appellant's parents, Dina Maldonado and Simon Maldonado, to appear on January 24, 2008 at 2:30 p.m. when the court would consider the matter of the discretionary transfer of appellant's juvenile case to the district court. The clerk's record reflects that Dina Maldonado was not served with the summons until January 29, 2008 at 4:26 p.m., some five days after the hearing. Appellant and his father, Simon Maldonado, were served at 2:21 p.m. on January 24, 2008, some nine minutes before the hearing. On January 24, 2008, the juvenile court entered an order transferring the matter to the district court for trial as an adult. Subsequently, appellant entered a plea of guilty and was granted deferred adjudication community supervision for a period of 10 years. Appellant timely filed this appeal.

Analysis

A juvenile proceeding is governed by Title 3 of the Texas Family Code. See TEX. FAM. CODE ANN. tit. 3 (Vernon 2007).[1] A voluntary transfer of a case from a juvenile court to a district court is governed by section 54.02. Section 54.02(b) requires that the notice provisions found in other sections of the Code must be satisfied. Specifically, the requirements of section 53.07 must be met. See § 54.02(b). This provision requires that a summons be served on a person at least two days prior to the hearing in question. See § 53.07(a). The record reflects that none of the parties required to be served in the underlying juvenile action, prior to the transfer to district court, were

---

[1] Further reference to the Texas Family Code will be by reference to "section ___" or " §___."

served in a timely manner. The State has confessed this error in its letter brief filed with this Court. As a result of the failure to serve the summons in question in a timely manner, the juvenile court was deprived of its jurisdiction to transfer this matter to the district court and, therefore, the district court never acquired jurisdiction over appellant. See Carlson v. State, 151 S.W.3d 643, 646 (Tex.App.—Eastland 2004, no pet.); Alaniz v. State, 2 S.W.3d 451, 452 (Tex.App.—San Antonio 1999, no pet.). We sustain appellant's second issue.

## Conclusion

Because the juvenile court did not have jurisdiction to transfer the case to the district court, we reverse the conviction of appellant and remand this matter to the juvenile court for further proceedings. Because of our resolution of appellant's second issue, we need not address appellant's first issue concerning the failure to record the transfer hearing.

Mackey K. Hancock
Justice

Do not publish.

3