Andy Sanchez #1737041
George Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2017 SEP 25 AM 11:56

*Keith E. Hottle*

KEITH E. HOTTLE, CLERK

September 21, 2017

Fourth Court of Appeals

C/O Keith E. Hottle, Clerk

Cadena-Reeves Justice Center

300 Dolorosa St. RM 3200

San Antonio, Texas 78205-3037

RE: Relator's Petition for a Writ of Habeas Corpus
Appeals No. 04-17-00615-CR
Trial Court Cause Number 2010-JUV-02881

Dear Honorable Hottle:

Please find enclosed Relator's Petition for a Writ of Habeas Corpus. Please stamp and bring to the attention of the Court.

Please suspend any rules regarding copies. And if there are any defects please return with instructions.

Thank you very much for your time and attention to this matter.

Sincerely,

Andy Sanchez

Andy Sanchez

TDCJ-CID NO. 1737041

George Beto Unit

1391 FM 3328

Tennessee Colony, Texas 75880

IN THE TEXAS COURT OF CIVIL APPEALS

FOR THE FOURTH SUPREME COURT

SAN ANTONIO, TEXAS

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2017 SEP 25 AM 11: 56

*Keith E. Hottle*

KEITH E. HOTTLE, CLERK

CAUSE NO. 04-17-00615-CR

IN RE A.S.

RELATOR'S PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO ARTICLE V, SECTION 8 OF THE
TEXAS CONSTITUTION
IN CAUSE NUMBER 2010-JUV-02881
FROM THE 436TH DISTRICT COURT
BEXAR COUNTY, TEXAS

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, A.S., pro se, hereinafter "Relator," and files this, his Relator's Petition for writ of habeas corpus pursuant to Article V, Section 8 of the Texas Constitution.

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES...................................................ii

STATEMENT REGARDING ORAL ARGUMENT.......................................iii

TABLE OF AUTHORITIES..... ..............................................iv

STATEMENT OF THE CASE ...................................................v

STATEMENT OF JURISDICTION.................................................vi

ISSUES PRESENTED...........................................................1

GROUND ONE. .............................................................1

GROUND TWO...............................................................1

GROUND THREE.............................................................1

STATEMENT OF FACTS.......................................................1

GROUND ONE (Ineffective Assistance of Counsel) ............................3

GROUND TWO (Trial Court Erred in Denying Relator's Motion to Recuse the District Attorney's Office where an Actual Conflict of Interest Existed).....7

GROUND THREE (Relator's Case is Rendered Void by Jurisdictional Defect....8

PRAYER....................................................................9

CERTIFICATE OF SERVICE...................................................9

i

## LIST OF INTERESTED PARTIES

Pursuant to the Texas Rules of Appellate Procedure, Rule 38.1(a), Relator lists the following persons who have an interest in the writ of habeas corpus for the purpose of the Court's determining conflicts and recusals:

JUDGE:

Hon. Lisa Jarrett
600 Mission Road
San Antonio, Texas 78210

TRIAL COUNSEL:

Hubert T. McCray
110 E. Nueva
San Antonio, Texas 78283

RELATOR'S COUNSEL:

Pro se

RELATOR:

Andy Sanchez TDCJ #1737041
George Beto Unit
1391 FM 3328
Tennessee Colony, Texas 75880

## STATEMENT REGARDING ORAL ARGUMENT

Relator request oral argument. The issues in this case are complex.

# TABLE OF AUTHORITIES

## Cases

Alaniz v. State, 2 S.W.3d 451 (Tex.App. --San Antonio 1997)...........5, 8

Canady v. State, 100 S.W.3d 28 (Tex.App. --Waco 2002)....................7

C.E.J. v. State, 788 S.W.2d 849, 852 (Tex.App. --Dallas 1990)............3

Cooper v. State, 769 S.W.2d 301, 304 (Tex.App. --Houston 1st Dist 1989).3

Ex Parte Hargett, 819 S.W.2d 866, 867 (Tex.Crim.App. 1991)..............v

Ex Parte Patterson, 969 S.W.2d 16, 19 (Tex.Crim App. 1998)..............9

Ex Parte Seidel, 39 S.W.3d 221 (Tex.Crim.App. 2001)....................8

Ex Parte Spain, 589 S.W.2d 132, 134 (Tex.Crim.App. 1979)................7

Gideon v. Wainwright, 372 U.S., at 335 (1963).............................6

Haines v. Kerner, 404 U.S. 519........................................2

Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex.Crim.App. 1986)............3

Mercado v. State, 615 S.W.2d 225, 227-228 (Tex.Crim App. 1981)........3, 4

Rushing v. State, 50 S.W.3d 715 (Tex.App. --Waco 2001)................5, 8

State Ex Rel. Sherrod v. Carey, 790 S.W.2d 705 (Tex.App. --Amarillo (1990)
.........................................................6, 9

Strickland v. Washington, 466 U.S. 668............................3, 4, 5

Watson v. State, 587 S.W.2d 161..................................5, 8

## Constitutions, Statutes and Codes

Code of Criminal Procedure, Article 45.017.............................6

Family Code Section 53.06............................................5, 8

Government Code Article 10 Section 9..................................4

Rules of Professional Conduct 1.01(b)(1)(2)..........................4

Texas Constitution Article 1, Section 10.............................3

Texas Constitution Article 1, Section 19............................7, 9

Texas Constitution Article 5, Section 8..............................i

U.S. Constitution Amend 5........................................7, 8, 9

U.S. Constitution Amend 6 ..........................................3

U.S. Constitution Amend 14........................................3, 7, 8, 9

## STATEMENT OF THE CASE

Relator was taken into custody on November 18, 2010.

On February 24, 2011, Relator and his mother was provided a summons for Attempted Aggravated Sexual Assault by his attorney that was recorded as filed on March 25, 2011.

On June 2, 2011, Relator's Motion to Recuse the District Attorney's office was denied. Continuance was granted on June 6, 2011.

Relator was certified as an adult on July 19, 2011, and entered a plea of no contest for the charge of Aggravated Kidnapping on August 17, 2011.

## STATEMENT OF JURISDICTION

The Court of Appeals has held that Art. V, Sec. 8 of the TEX.CONST. gives the District Court plenary power to issue the writ of habeas corpus. See Ex Parte Hargett, 819 S.W.2d 866, 867 (Tex.Crim.App. 1991).

The Texas Constitution Art. V, Sec. 8 states in relevant part: "District Court jurisdiction consists of exclusive, appellate and original jurisdiction of all actions, proceedings, or remedies, except in cases where exclusive, appellate or original jurisdiction may be conferred by this constitution or other law on some other Court, tribunal or administrative body. District Court judges shall have power to issue writs necessary to enforce their jurisdiction."

## GROUND ONE:
INEFFECTIVE ASSISTANCE OF COUNSEL

## GROUND TWO:
TRIAL COURT ERRED IN DENYING RELATOR'S MOTION TO RECUSE THE DISTRICT ATTORNEY'S OFFICE WHERE AN ACTUAL CONFLICT OF INTEREST EXISTED.

## GROUND THREE:
RELATOR'S CASE IS RENDERED VOID BY JURISDICTIONAL DEFECT

## STATEMENT OF FACTS

Relator, a juvenile, was taken into custody on November 18, 2010, after detective Smith obtain DNA from him pursuant to an alleged warrant on November 17, 2010.

Although Relator had received a summons, it was provided to him and his mother for the charge of Attempted Aggravated Sexual Assault, dated February 24, 2011, recorded as filed on March 25, 2011. The primary problem that exist under the circumstances is that, at the time, Relator's mother's parental rights had been terminated. Relator was under the custody of Children Protection (CPS). Further, Relator was represented by the district attorney's office during all proceedings under the above cause; an actual conflict of interest.

Relator's attorney, Attorney Hubert T. McCray, sought to rectify the issue surrounding CPS. When the prosecutor intervened with an objection, Attorney McCray allowed this to dissuade him, contributing to his failure to fulfill his contractual obligations by entering his own objection for the purpose of perserving the issue for appeal. Despite Attorney McCray's failure, this raises jurisdictional concerns.

Jurisdictional concerns are also related to the actual conflict of interest regarding the district attorney's simultaneous representation regarding Relator. Although a motion to recuse the district attorney's office was filed, the presiding judge, Judge Lisa Jarret denied the motion.

Although Relator had been allegedly certified as an adult on July 19, 2011, Relator, in conjunction with the docket sheet, never received a manda-

1

tory examining trial.

Relator, because he does not have access to all his records, reserve for expansion of records.

Relator relies on <u>Haines v. Kerner</u>, 404 U.S. 519, "for less stringent pleading standards," and seek that the Court "lend color to the argument."

GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL

Issues presented:

A. Competence

B. Violation of Due Process

Both the United States and Texas Constitutions, as they operate upon Agents, afford the criminal accused the right to assistance of counsel. See U.S. CONST. AMEND. 6; TEX. CONST. art. I, § 10.

"A juvenile is guaranteed all the constitutional rights which an adult would have in a criminal proceeding because the juvenile delinquency procedures seek a deprivation of liberty. See C.E.J. v. State, 788 S.W.2d 849, 852 (Tex.App. --Dallas 1990).

The test for determining whether a defendant was denied the effective assistance of counsel was established by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 806 L.ED.2d 674 (1984). The Court held that ineffective assistance of counsel is shown only where the attorney's errors are so serious that he was not functioning as counsel guaranteed by the Sixth Amendment and, in addition, the defendant was deprived of a fair trial because of the error.

For an error to reach that magnitude, there must be a reasonable probability that, but for counsel's unprlifessional errors, the result of the proceedings would have been different. The Court defined a reasonable probability as a probability sufficient to undermine confidence in the outcome. See Cooper v. State, 769 S.W.2d 301, 304 (Tex.App. --Houston 1st Dist. 1989). However, the Supreme Court in Strickland, also held:

> on the otherhand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome of the case. (t)he result of a proceeding can be rendered unreliable, and hence, the proceeding itself unfair, even if the error of counsel cannot be shown by a preponderance of the evidence to have undermined that out= come.

Strickland, 466 U.S. at 694; 104 S.Ct. 2068.

The standard on the right to counsel is the same under the United States and Texas Constitutions. See U.S. CONST. AMEND. VI; TEX. CONST. art. I § 10; also see Hernandez v. State, 726 S.W.2d 53, 55-56 (Tex.Crim.App. 1986); U.S. CONST. AMEND. 14. An attorney's performance must be guage by the totality of his/her representation. Strickland, supra; Mercado v. State, 615 S.W.2d

3

225, 227-228 (Tex.Crim. 1981). A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate counsel's conduct from his/her perspective at the time. Texas case law requires a two-fold showing by Relator to establish ineffective assistance: (1) an act that constitute ineffective assistance of counsel and (2) that the defendant suffered harm because of this ineffective assistance. Strickland, 466 U.S. 687; 104 S.Ct. at 2064; Mercado, supra.

A. Competence

The very first ABA Rule of Professional Conduct is numbered 1.1 and titled simply "Competence." Following are the requirements for "Competence":
1. Legal Knowledge and Skill.
2. Thoroughness and Preparation.
3. Maintaining Competence.

Rule 1.1 defines the elements of competent representation historically developed under the code: competence "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for representation." This is one of the main rules requiring a lawyer to obtain every available shred of evidence in a client's case, use that evidence to prepare and thoroughly pursue every available defense in his client's behalf.

V.T.C.A., Government Code Title 2, Subtitle G App., art 10, § 9 rules of Professional Conduct provides a preamble: A lawyer's responsibilities: (3) "In all professional functions, a lawyer should zealously pursue clients' interest within the bound of the law. In doing so, a lawyer should be competent, prompt and diligent. A lawyer should maintain communication with a client concerning the representation. A lawyer should keep in confidence information relating to representation of a client except so far as disclosure is required or permitted by the Texas Disciplinary Rules of Professional Conduct or other law." Relator asserts that Attorney McCray failed to zealously pursue his interest; failing to maintain competence, communication and confidence.

According to Rule 1.01(b)(1)(2), in representing a client, a lawyer shall not: neglect a legal matter entrusted to the lawyer; or frequently fail to carry out completely the obligations that the lawyer owes to a client. As used in this rule, "Neglect" signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client.

The duty of diligence is closely related to competence, as one often accompanies the other.

The interelated obligations of thoroughness and preparation require a

4

lawyer to investigate the facts of the matter and research the applicable law.

Regarding investigations, the Supreme Court in Strickland held: counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unecessary. Stickland, 466 U.S. at 691.

In accordance with FAM. CODE § 53.06, the juvenile court was mandatorily required to direct the issuance of a summons to: (1) the child named in the petition; (2) the child's parent, guardian, or custodian; (3) the child's guardian ad litem; and (4) any other person who appears to the court to be a proper or necessary party to the proceeding.

Relator, assert first, that he was never issued a summons for Aggravated Kidnapping, but for Attempted Aggravated Sexual Assault. Assuming arguendo that it was appropriately issued, it would still fail because, first, it was signed by Relator's mother who did not have parental rights, and second, the only summons issued was to Relator by his attorney. See EXHIBIT A SUMMONS.

Although Judge Jarrett ordered the Probation Officer Erin J. McQueen, it was issued to Relator by his attorney on February 24, 2011. "Service on secretary of juvenile's attorney of summons and petition for juvenile to appear at hearing on waiver of juvenile jurisdiction, and certification for prllsecution as adult, did not comply with requirement to personally serve juvenile." See Alaniz v. State, 2 S.W.3d 451 (Tex.App. --San Antonio 1997). Although Relator and his mother's signature is on the Summons, it reveals a signature date at February 24, 2011. The summons was not recorded as an official document until March 25, 2011. Attorney McCray was expected to be familiar with well-settle principles of law applicable to Relator s needs. Attorney McCray's disregard equates to his contractual vißlation as Texas law, attorney-client relationship, is viewed as contractual relationship, thus, ending up on the table of ineffectiveness. The requisit familiarity with well-settled legal principles extends to matters of procedure.

Attorney McCray also had a duty to know the three step requirement "before juvenile can be tried as an adult are a transfer hearing, an examiningh trial, and a grand jury's deliberation; trial may then follow; if one of those steps is omitted or rendered void by a jurisdictional defect, there can be no jurisdiction to proceed with the next step." See Watson v. State, 587 S.W. 2d 161; Rushing v. State, 50 S.W.3d 715 (Tex.App. --Waco 2001). Relator asserts that, in conjunction with the criminal docket, there was no examining trial. See EXHIBIT B DOCKET. A district clerk has the duty to maintain a criminal

5

docket pursuant CODE CRIMINAL PROC. art. 45.017.

Further, Attorney McCray sought not to enter an objection in regards to the existence of a conflict of interest. "In a juvenile case, used by a district attorney of facts acquired during the existence of a prior attorney-client relationship with the juvenile would not only violate the attorney-client privilege, but would also deprive the juvenile of his constitutional right to due process and his right against self-incrimination, requiring courts to examine every potential infringment with exacting scrutiny." See State Ex Re. Sherrod v. Carey, 790 S.W. 705 (Tex.App. -Amarillo 1990).

Because Relator was under the custody of CPS, he was represented by the Bexar County District Attorney's office.

## B. Violation of Due Process

The ineffectiveness of counsel is a violation of Due Process. "An accused person cannot effectively defend himself. The assistance of counsel is necessary to due process and to a fair trial. Without counsel, the accused cannot possibly evaluate the lawfulness of his arrest, the validity of the indictment...whether preliminary motions should be filed. He cannot determine whether he is responsible for the crime as charged or a lesser offense. He cannot discuss the possibilities of pleading to a lesser offense. He cannot evaluate the grand or petit jury. At the trial he cannot interpose ojections to evidence or cross-examining witnesses, etc. He is at a lost in the sentencing procedure." See Gideon v. Wainwright, 372 U.S., at 335 (1963).

## GROUND TWO

### TRIAL COURT ERRED IN DENYING RELATOR'S MOTION TO RECUSE THE DISTRICT ATTORNEY'S OFFICE WHERE AN ACTUAL CONFLICT OF INTEREST EXISTED

Issue Presented:

A. Conflict of Interest

The Bexar County district attorney's office was in representation of Relator simultaneous to the above cause.

A. Conflict of Interest

In accordance with Defendant's 2nd Motion to Recuse the Bexar County District Attorney and Appoint Special Prosecutor, and in reference to case number 2005-PA-01633, the Bexar County district attorney's office filed, on August 5, 2005, petitioning the 150th District Court of Bexar County in regards to a termination suit. The 150th Judicial District Court of Bexar County appointed the Bexar County district attorney's office to represent Relator. Although Attorney McCray referred to Relator as a former client, in actuality, Relator was represented by the District Attorney's office simultaneously to this cause because CPS had not properly been released as Managing Conservator. "When a district attorney prosecutes someone whom he previously represented in the same case, the conflict of interest is obvious and the integrity of the prosecutor's office suffers." See Ex Parte Spain, 589 S.W.2d 132, 134 (Tex.Crim.App. 1979); Canady v. State, 100 S.W.3d 28 (Tex.App. -- Waco 2002). This is violative of the U.S. CONST. 5, 14; TEX. CONST. Art. 1 § 19.

7

## GROUND THREE
### RELATOR'S CASE IS RENDERED VOID BY JURISDICTIONAL DEFECT

Jurisdiction to try and punish for a crime cannot be acquired by the mere assertion of it, or invoked otherwise then in the mode prescribed by law, and if it is not so acquired or invoked, any judgment is a nullity. If a court holds trial without jurisdiction over the subject-matter, it violates not only the Due Process Clause of the Fifth and Fourteen Amendment of the United States Constitution, but also the Due Course Clause of Art. 1, § 13, 19 of the Texas Constitution. See also, Ex Parte Seidel, 39 S.W.3d 221 (Tex. Crim.App. 2001).

Relator, assert first, that he was never issued a summons for Aggravated Kidnapping, but for Attempted Aggravated Sexual Assault. Assuming arguendo that it was appropriately issued, it would still fail because, first, it was signed by Relator's mother who had previously had her parental rights terminated, and second, the only summons issued was to Relator by his attorney. See **Exhibit A Summons**.

Although Judge Jarrett ordered the Probation Officer Erin J. McQueen to issue a Summons, it was issued to Relator by his attorney on February 24, 2011. "Service on secretary of juvenile's attorney of summons and petition for juvenile to appear at hearing on waiver of juvenile jurisdiction, and certification for prosecution as adult, did not comply with requirement to personally serve juvenile." See Alaniz, supra. Although Relator and his mother's signature appears on the Summons, it reveals a signature date at February 24, 2011. The summons was not recorded as an official document until March 25, 2011.

And the juvenile court, in accordance with FAM CODE § 53.06, was mandatorily required to direct the issuance of summons to both the child and the child's parent, guardian, or custodian.

Relator also assert that the three step requirement "before juvenile can be tried as an adult are a transfer hearing, an examining trial, and a grand jury's deliberation; trial may then follow; if one of those steps is omitted or rendered void by a jurisdictional defect, there can be no jurisdiction to proceed with the next step," was not adhered to. See Watson, and Rushing, supra.

In conjunction with the criminal docket, there was no examining trial. See **Exhibit B Docket**.

8

There is also a jurisdictional defect in regards to an actual conflict of interest. The Bexar County district attorney's office was in representation of Relator simultaneous to the above cause.

In accordance with Defendant's 2nd Motion to Recuse the Bexas County District Attorney and Appoint Special Prosecutor, and in reference to cause number 2005-PA-01633, the Bexar County district attorney's office filed on August 5, 2005, petitioning the 150th District Court of Bexar County in regards to a termination suit. The 150th Judicial District Court of Bexar County appointed the Bexar County district attorney's office to represent Relator. Although Attorney McCray referred to Relator as a former client, in actuality, Relator was represented by the District Attorney's office simultaneously to this cause because CPS had not properly been released as Managing Conservator. See State Ex Rel. Sherrod, supra. This is violative of the U.S. CONST. 5, 14; TEX. CONST. Art. I Sec. 19.

"A void judgment is a nullity and can be attacked at any time." See Ex Parte Patterson, 969 S.W.2d 16, 19 (Tex.Crim.App. 1998).

WHEREFORE, PREMISES CONSIDERED, Relator prays this Honorable Court, after expiration of the time within which the attorney representing the State may file and answer to conduct an evidentiary hearing. It is so moved and prayed that this writ of habeas corpus be, in all things, GRANTED.

It's in God We Trust!!!

Respectfully submitted,

Andy Sanchez, Pro se, Relator

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing writ of habeas corpus has been sent to the Office of the District Attorney of Bexar County, Texas via U.S. Mail this the 21st day of September, 2017.

Andy Sánchez, Pro se, Relator

9

EXHIBIT A
SUMMONS

SUMMONS-ORIGINAL PETITION

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

2011 MAR 25 P 1: 19

DEPUTY

BY: _Anna Huron_

THE STATE OF TEXAS

TO: MCQUEEN, ERIN J
600 MISSION ROAD
SAN ANTONIO, TX 78210

GREETINGS: SUSAN D. REED, Criminal District Attorney, of Bexar County, Texas. WHEREAS, in a certain cause pending on the docket of the Juvenile Court of Bexar County, Texas, being Cause No.: **2010JUV02881** styled IN THE MATTER OF: **ANDY SANCHEZ,** A CHILD, in said suit and ORIGINAL PETITION FOR WAIVER OF JURISDICTION AND DISCRETIONARY TRANSFER TO CRIMINAL COURT have been filed, copies of which are hereto attached, upon presentation of said Petitions, the Honorable **LISA JARRETT,** has entered the following order to issue summons to: **ANDY SANCHEZ**

THEREFORE, you are hereby commanded and required to be and appear before the 436TH JUDICIAL DISTRICT COURT in and for the County of Bexar, Sitting as a Juvenile Court at 600 MISSION, JUVENILE JUSTICE CENTER in the City of San Antonio, Texas, on the **08**ᵗʰ **day of APRIL 2011** in the ~~436~~TH **DISTRICT COURT at 08:30A.M.** o'clock, then and there to answer the said allegations of the petitions and for the purpose of considering Discretionary Transfer to Criminal Court for **ATT AGG SEXUAL ASSAULT**, pursuant to Section 54.02(b) Texas Family Code. All of said persons are required to appear before said Court at said time.

WITNESS, DONNA KAY MᶜKinney, Clerk of the Juvenile Court, of Bexar County, Texas. Issued and given under my hand and Seal of Office, in said Court, in the City of San Antonio, Bexar County, Texas, this **14**ᵀᴴ **day of FEBRUARY A. D., 2011.**

Donna Kay MᶜKinney,
CLERK OF THE Juvenile Court of
Bexar County, Texas

BY: _Anna Huron_
DEPUTY

SUMMONS, ORIGINAL PETITION FOR WAIVER OF JURISDICTION AND DISCRETIONARY TRANSFER TO CRIMINAL COURT were served upon:

CHILD/RESPONDENT:
DATE: _Andy Sanchez_ TIME: _2/4/11_
_4:00pm_

EXHIBIT B
DOCKET

**NAME OF RESPONDENT**

SANCHEZ, ANDY
DOB 10/19/94
SID: 0001176531
2010-JUV-02881

**OFFENSE (S)** BURG-10

| ATTORNEYS | |
|---|---|
| STATE: | Leticia Cortez |
| RESPONDENT: | Jeffrey Shawberger |

**PROBATION OFFICER:**

| COURT OFFICERS | |
|---|---|
| COURT REPORTER USED | Holly Myers |
| JUDGE OR REFEREE USED | Tina Jarrett |
| | Hubert McCoy |
| | Tina Sanchez, mother |

STATE WAIVED AND ABANDON PARAGRAPHS

STATE REDUCED TO LESSER OFFENSE:

STATE AMENDED PARAGRAPH _____ TO _____

| MONTH | DAY | YEAR | COURT ENTRIES |
|---|---|---|---|
| | DEC 2 9 2010 | | R/S 1-11-11 |
| 01 | 11 | 11 | motion investigator signed, motion for examination signed |
| 01 | 11 | 11 | detention hearing - detained @ court 2-11-11 |
| 05 | 20 | 11 | Hearing set for Recusal Motion |
| 06 | 02 | 11 | Recusal Dr's office hearing - Motion denied @ |
| | | | Certification And Transfer set June 7, 2011 @ 30am @ |
| 06 | 07 | 11 | R. motion for continuance granted. State opposed @ set for cyt or |
| | | | 7/19/11, DH on 6/21/11 @ |
| 7 | 19 | 11 | waiver of jurisdiction granted, order of transfer to criminal Court granted. Bond set at $400,000 @ |

# CRIMINAL DOCKET SHEET

**NAME OF PARTIES**
D436    08/11/2011

STATE OF TEXAS VS
SANCHEZ, ANDY

SCC: 0

AGGRAVATED KIDNAPPING

| ATTORNEYS | COURT REPORTER | COURT ACTIVITY |
|---|---|---|

**JUDGE PRESIDING** Jarrett

STATE ATTORNEY
Lisa Cortez

DEFENSE ATTORNEY
Todd McCraw

COURT REPORTER
Andy Zavala

COURT INTERPRETER:

**OFFENSE INFORMATION**

REDUCED TO LESSER OFFENSE

STATE PROCEEDS ON COUNT (s) __2__
PARAGRAPH
ENHANCEMENT PARAGRAPH (s) _____

**RIGHT THUMBPRINT**

| DATE OF ENTRY | COURT ENTRIES |
|---|---|
| 2-17-11 | Plea of no contest as count 2 ; 30 year TDCJ-ID affirmative finding of deadly 3a offense; compliance with chapter 62 ccp ; register as sex offender Δ waived(s) Δ waived(s) Credit for Juvenile time + adult time served ; $780 00 restitution to Kimberly Wigant (s) |

**COURT RULING**

__✓__ $ ____ YRS MOS DYS (TDCJ - (BCADC)(ST JAIL)
$ ____ Fine $ ____ Restitution
Payable to:
Affirmative Finding of a Deadly Weapon
S.A.I.P. (Boot Camp) ____ Shock Supervision
Drivers License Suspension Start Date: ____
Bad Date:
SAFPF (Comm Supervision)(Amended Comm Supv.)
Therapeutic Community Program
HRS Community Service ____ DYS ELM
DYS MOS (BCADC)(STATE JAIL)(Cond of Supvn)
(Work)(Weekend) Release Program (Cond of Supvn)
Found TRUE to Enhancement Paragraph as a Repeater
Found TRUE to Enhancement Paragraphs as a Habitual
Other: ____

__✓__ NO RECOMMENDATION/ NO PLEA BARGAIN
____ PLEA BARGAIN AGREEMENT
____ YRS MDS DYS (TDCJ – ID)(BCADC)(STATE JAIL)
$ ____ Fine $ ____ Restitution

____ Comm Supervision (Recommended)(Silent)(Opposed)
____ Def Adjudication (Recommended)(Silent)(Opposed)

____ Cases to Run Concurrent/Consecutively ____
____ Cases Taken into Consideration: ____

____ Non Binding Recommendations

____ DYS MOS(BCADC)(STATE JAIL)(Cond of Supvn)
____ HRS Community Service/ ____ DYS ELM

____ Substance Abuse Treatment Facility

____ YRS MDS DYS (TDCJ-ID)(BCADC)(ST JAIL)
$ ____ Fine $ ____ Restitution
____ Other: ____

By: _____

MARGARET G. MONTEMAYOR,
BEXAR COUNTY DISTRICT CLERK

_____ DEPUTY

Andy Sanchez 1731041
George Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

Fourth Court of Appeals
C/o Keith E. Hottle, Clerk
Cadena-Reeves Justice Center
300 Dolorosa St. Rm 3200
San Antonio, Texas 78205-3037



FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2017 SEP 25 AM 11:56
KEITH E. HOTTLE, CLERK